Jen-Feng Lee, SBN 204328
jflee@ltpacificlaw.com
Kenneth K. Tanji, Jr., SBN 162273
ktanji@ltpacificlaw.com
**LT Pacific Law Group, LLP**
17800 Castleton Street, #560
City of Industry, CA 91748
T: 626-810-7200
F: 626-810-7300

Attorneys for Plaintiff
CLICKIT TRADING, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLICKIT TRADING, INC., a California corporation;<br><br>          Plaintiff,<br><br>     vs.<br><br>ENOR INTERNATIONAL, INC., a California company; PETER CHEN, an individual, and DOES 1 – 10, inclusive;<br><br>          Defendants. | Case No.:     2:25-cv-12140<br><br>**DECLARATORY JUDGMENT COMPLAINT BY CLICKIT TRADING, INC.** |

        Come now CLICKIT TRADING, INC. ("CLICKIT" or Plaintiff), by and through its counsel, and for its Declaratory Judgment Complaint, stated as below:

Complaint for Declaratory Judgment

1

## JURISDICTION AND VENUE

1. This is an action related to patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§101, 271, et seq.

2. Venue is proper in this district under 27 U.S.C. §1400. Defendants, both the business defendant and the individual defendant, are residents within this judicial district and have committed acts, or omissions of certain acts under pertinent laws within this judicial district.

3. On information and belief, Defendants are subject to the Court's specific and general personal jurisdiction under due process where they regularly conduct general business in this district and the acts specifically complained herein took place substantially within this forum.

4. On information and belief, the Court has supplemental jurisdiction under 28 U.S.C. §1367 to consider and adjudicate additional state and/or common law claims that may be raised herein related to the federal claims herein.

## GENERAL ALLEGATIONS

5. Plaintiff is a California business having principal business address at 1432 Chico Avenue, #3, South El Monte, California 91733.

6. At all relevant times, Plaintiff is a merchant in the business of, among others, selling cigarette lighter products.

7. On information and belief, Defendant Enor International, Inc. ("Enor") is a California business having principal business address at 14263 Proctor Avenue, #F, La Puente, California 91746.

8. On information and belief, Defendant Peter Chen ("P. Chen") is the CEO of Enor; on information and belief, P. Chen is the majority shareholder of Enor.

9. On information and belief, P. Chen is the motivational and driving force of Enor and is involved in Enor's business decisions and activities. P. Chen is believed to

derive financial benefits, directly and/or indirectly, from Enor's business operations.

10. On information and belief, Plaintiff and Defendants are competitors where both sell cigarette lighter products in the United States.

11. On information and belief, Defendants purchased/acquired their lighter products from suppliers/manufacturers in China and re-sell said products in the United States.

12. On information and belief, and based upon public records shown in United States Patent and Trademark Office ("USPTO"), P. Chen is the inventor of some lighter products that are in competition with the lighter products sold by Plaintiff Clickit.

13. At all relevant times, Plaintiff sells a certain ROCKET TORCH lighter product ("Rocket Torch Lighter"), having SKU number of GH-7500.

14. A product image of Plaintiff's Rocket Torch Lighter is attached herein as Exhibit A herein.

15. On or about September 10, 2025, Defendant Enor, via counsel, sent an email to make the allegations that the Rocket Torch Lighter infringed upon Enor's Design Patent, D1,092,835 ("D835 Patent"). A copy of said D835 Patent is attached as Exhibit B herein.

16. On information and belief, and based upon the public records shown in the D835 Patent, Mr. Peter Chen is the inventor of said D835 Patent and is knowledgeable regarding the scope of the exclusive right pertaining to the said D835 Patent.

17. On or about September 26, 2025, Defendant Enor, via counsel, sent a warning letter to Plaintiff, alleging infringement of its various Intellectual Property ("IP") rights, including the D835 Patent.

18. On or about September 29, 2025, Plaintiff, via counsel, sent a first counsel letter, denying that Plaintiff infringed upon said D835 Patent.

---

Complaint for Declaratory Judgment

19. Plaintiff did not receive any response from Defendant Enor, including its counsel after the 9/29/2025 response letter, regarding the allegations of IP infringement, including the allegations of infringement upon said D835 Patent.

20. On or about October 14, 2025, Plaintiff sent a second letter to Enor's counsel, and confirmed that Plaintiff continues to maintain the claim of infringement of said D835 patent by the Rocket Torch Lighter products.

21. As of date of this pleading, Defendants Enor or P. Chen never made any further indication that it changed its allegations about Rocket Torch Lighter infringing upon said D835 Patent.

22. Pursuant to 28 U.S.C. §2201, et seq. there are actual controversies between Plaintiff and Defendants.

23. Plaintiff respectfully asked this Honorable Court to adjudicate and render a judgment that its Rocket Torch Lighter is not infringing upon said D835 Patent.

**Claim One: Design Patent Non-Infringement**

24. Plaintiff incorporated all prior allegations as if fully set forth herein.

25. Defendants have repeatedly made allegations of design patent infringement against Plaintiff, basing upon the D835 Patent, P. Chen being the sole inventor of said design patent, based upon the records in USPTO.

26. Per the controlling authority of *Egyptian Goddess v. Swisa* in Federal Circuit, Plaintiff averred that its Rocket Torch Lighter products are not infringing upon Defendants' D835 Patent.

27. The non-infringement finding can be obtained by applying the ordinary observer test in Egyptian Goddess case, in light of the relevant prior arts.

28. The Court is respectfully requested to engage in the needed comparison to reach the finding of non-infringing and give a judgment accordingly.

## RELIEF REQUESTED

1. A judgment of non-infringement to be issued by this Court.
2. The Court to award costs to Plaintiff as prevailing party.
3. The Court to declare this case as exceptional under 35 U.S.C.§285 and award reasonable attorney fees to Plaintiff.
4. The Court to award additional relieves that are just and reasonable.

Dated: December 23, 2025

By: /s/Jen-Feng Lee
Jen-Feng (Jeff) Lee
Counsel for Plaintiff
Clickit Trading, Inc.

Complaint for Declaratory Judgment

## __DEMAND FOR JURY__

Plaintiff hereby demands a trial by jury on all triable issues per Rule 38.


Dated: December 23, 2025

By: /s/Jen-Feng Lee
Jen-Feng (Jeff) Lee
Counsel for Plaintiff
Clickit Trading, Inc.
